Grant E. Kinsel (State Bar No. 172407)
E-Mail:     gkinsel@foley.com
**FOLEY & LARDNER LLP**
555 South Flower Street, Suite 3500
Los Angeles, Ca 90071-2411
Telephone:  213.972.4500
Facsimile:   213.486.0065

Michael J. Song (State Bar No. 243675)
E-Mail:  msong@foley.com
**FOLEY & LARDNER LLP**
975 Page Mill Road
Palo Alto, CA 94304-1125
Telephone:  (650) 856-3700
Facsimile:  (650) 856-3710

Attorneys for Defendant
ABBYY USA SOFTWARE HOUSE, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABBY USA SOFTWARE HOUSE, INC.<br><br>            Plaintiff,<br><br>      vs.<br><br>NUANCE COMMUNICATIONS, INC.<br><br>            Defendant. | Case No:  CV 08-1035 MEJ<br><br>**FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Abbyy USA Software House, Incorporated ("Abbyy USA") brings this First Amended Complaint against defendant, Nuance Communications, Incorporated, ("Nuance") as follows:

## JURISDICTION AND VENUE

1. This is an action for a declaratory judgment that U.S. Patent Nos. 5,131,053 ("the '053 patent"); 5,381,489 ("the '489 patent"); 5,436,983 ("the '983 patent"), 6,038,342 ("the '342 patent"); and 5,261,009 ("the '009 patent") (collectively "the patents-in-suit") are invalid and not infringed by any device made, used, offered for sale or sold by Abbyy USA. This action arises under the patent laws of the United States, 35 U.S.C. § 271 et seq. and the declaratory judgment statute, 28 U.S.C. § 2201 et seq., and is based upon an actual justiciable controversy between the parties with respect to alleged infringement and invalidity of the '053, '489, '983, '342 and '009 patents. This action also arises under the Sherman and Clayton Acts.

2. This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. §§ 1338(a), 2201 and 2202.

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ l391 and 1400.

## THE PARTIES

4. Plaintiff, Abbyy USA, is a California corporation having a principal place of business at 47221 Freemont Boulevard, Freemont, California 94538.

5. Upon information and belief, Defendant, Nuance, is a Delaware corporation having a principal place of business at 1 Wayside Road, Burlington, Massachusetts.

## ACTUAL CONTROVERSY WITHIN THIS COURT'S JURISDICTION

6. Abbyy USA is in the business of selling OCR software in this judicial district.

7. Nuance is doing business in this judicial district and elsewhere

1

FIRST AMENDED COMPLAINT
CV 08-1035 MEJ

LACA_1814730.1

throughout the United States by, inter alia, offering and selling optical character recognition and other software. Nuance has asserted, and continues to assert, in this judicial district and elsewhere that it is the owner of the '053, '489, '983, '342 and '009 patents, that the '053, '489, '983, '342 and '009 patents are valid, and that the '053, '489, '983, '342 and '009 patents are infringed by certain printer products made, used, offered for sale and/or sold by Abbyy USA in this judicial district and elsewhere. True and correct copies of the '053, '489, '983, '342 and '009 patents are attached as Exhibits A through E, respectively.

8. For example, in a Complaint filed by Nuance on January 16, 2008, in the U.S. District Court for the Western District of Wisconsin (Civil Action No. 08-C-0042-S) ("the Wisconsin Action"), Nuance alleged, inter alia, with respect to each of the '053, '489, '983, '342 and '009 patents that "Abbyy USA has infringed and is continuing to infringe one or more claims of the [] patent, directly, contributorily and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country, devices for performing optical character recognition in violation of 35 U.S.C. § 271." Although Nuance recently filed a Notice of Dismissal in the Wisconsin Action, that dismissal was without prejudice and Nuance has not withdrawn its allegations of infringement, leaving Abbyy USA in apprehension of further suit.

9. Nuance has asserted rights under the '053, '489, '983, '342 and '009 patents based upon certain identifiable ongoing activity of Abbyy USA (including the activities of Abbyy USA identified by Nuance in the Wisconsin Action, above), and Abbyy USA contends that it has the right to engage in the accused activity without license under the '053, '489, '983, '342 and '009 patents. Nuance's threats of infringement with respect to the '053, '489, '983, '342 and '009 patents continue against Abbyy USA, and as a result of Nuance's above acts, Abbyy USA is apprehensive that Nuance will again file suit against Abbyy USA for infringement of the '053, '489, '983, '342 and '009 patents.

10.     Accordingly, there is an actual present justiciable controversy as to infringement of the '053, '489, '983, '342 and '009 patents by Abbyy USA, and as to the validity of these patents.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment Of Non-Infringement And Invalidity Of U.S. Patent No. 5,131,053)

11.     Abbyy USA incorporates by reference paragraphs 1-10, above.

12.     Abbyy USA has not infringed, and is not infringing, literally or under the doctrine of equivalents, any valid and enforceable claim of the '053 patent directly, indirectly, contributorily or by inducement.

13.     Upon information and belief, and subject to further investigation, one or more of the claims of the '053 patent are invalid because they fail to satisfy one or more of the conditions for patentability under Title 35 of the United States Code, including inter alia sections 101, 102, 103 and/or 112.

14.     Accordingly, Abbyy USA seeks a judgment of this Court declaring that Abbyy USA has not infringed and is not infringing any claim of the '053 patent, and that one or more claims of the '053 patent are invalid.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment Of Non-Infringement And Invalidity Of U.S. Patent No. 5,381,489)

15.     Abbyy USA incorporates by reference paragraphs 1-14, above.

16.     Abbyy USA has not infringed, and is not infringing, literally or under the doctrine of equivalents, any valid and enforceable claim of the '489 patent directly, indirectly, contributorily or by inducement.

17.     Upon information and belief, and subject to further investigation, one or more of the claims of the '489 patent are invalid because they fail to satisfy one or more of the conditions for patentability under Title 35 of the United States Code, including inter alia sections 101, 102, 103 and/or 112.

LACA_1814730.1

18. Accordingly, Abbyy USA seeks a judgment of this Court declaring that Abbyy USA has not infringed and is not infringing any claim of the '489 patent, and that one or more claims of the '489 patent are invalid.

### THIRD CLAIM FOR RELIEF

**(Declaratory Judgment Of Non-Infringement And Invalidity Of U.S. Patent No. 5,436,983)**

19. Abbyy USA incorporates by reference paragraphs 1-18, above.

20. Abbyy USA has not infringed, and is not infringing, literally or under the doctrine of equivalents, any valid and enforceable claim of the '983 patent directly, indirectly, contributorily or by inducement.

21. Upon information and belief, and subject to further investigation, one or more of the claims of the '983 patent are invalid because they fail to satisfy one or more of the conditions for patentability under Title 35 of the United States Code, including inter alia sections 101, 102, 103 and/or 112.

22. Accordingly, Abbyy USA seeks a judgment of this Court declaring that Abbyy USA has not infringed and is not infringing any claim of the '983 patent, and that one or more claims of the '983 patent are invalid.

### FOURTH CLAIM FOR RELIEF

**(Declaratory Judgment Of Non-Infringement And Invalidity of U.S. Patent NO. 6,038,342)**

23. Abbyy USA incorporates by reference paragraphs 1-22, above.

24. Abbyy USA has not infringed, and is not infringing, literally or under the doctrine of equivalents, any valid and enforceable claim of the '342 patent directly, indirectly, contributorily or by inducement.

25. Upon information and belief, and subject to further investigation, one or more of the claims of the '342 patent are invalid because they fail to satisfy one or more of the conditions for patentability under Title 35 of the United States Code, including inter alia sections 101, 102, 103 and/or 112.

26. Accordingly, Abbyy USA seeks a judgment of this Court declaring that Abbyy USA has not infringed and is not infringing any claim of the '342 patent, and that one or more claims of the '342 patent are invalid.

### FIFTH CLAIM FOR RELIEF

### (Declaratory Judgment Of Non-Infringement

### And Invalidity Of U.S. Patent No. 5,261,009)

27. Abbyy USA incorporates by reference paragraphs 1-26, above.

28. Abbyy USA has not infringed, and is not infringing, literally or under the doctrine of equivalents, any valid and enforceable claim of the '009 patent directly, indirectly, contributorily or by inducement.

29. Upon information and belief, and subject to further investigation, one or more of the claims of the '009 patent are invalid because they fail to satisfy one or more of the conditions for patentability under Title 35 of the United States Code, including inter alia sections 101, 102, 103 and/or 112.

30. Accordingly, Abbyy USA seeks a judgment of this Court declaring that Abbyy USA has not infringed and is not infringing any claim of the '009 patent, and that one or more claims of the '009 patent are invalid.

### SIXTH CLAIM FOR RELIEF

### (Actual Monopolization in Violation of § 2 of the Sherman Act)

31. Abbyy USA incorporates by reference paragraphs 1-30, above.

32. Over the last several years, electronic storage and exchange of documents has proliferated. One of the reasons for the growth in electronic documents is the development of imaging software which converts paper originated documents into electronic data. The growth of the Internet and e-mail has resulted in a rapid expansion of the market for software to manage the electronic exchange of information.

33. At all times material hereto, Nuance has been dominant in the market for imaging software in the geographic market of the United States. Nuance

software has been sold directly to consumers, home offices, small businesses and Original Equipment Manufacturers (OEMs).

34. Nuance sells and licenses imaging software to a number of large OEMs, which bundle the software with multifunction devices such as printers and scanners.

35. Nuance also sells and licenses its imaging software to other software companies for various office applications.

36. Nuance has enhanced its dominance of these software markets by acquiring competitors and patents, so that the markets would have fewer competitors.

37. Nuance also has used its dominate position in these software markets to stabilize prices and exclude competition, all to the detriment of the consuming public.

38. Nuance has engaged in the following predatory acts, all with the purpose of stabilizing prices and/or excluding competition:

   (a) entered into exclusive contracts with retail outlets in an attempt to foreclose the number of outlets available to competitors' products;

   (b) sought to reach agreement with competitors on pricing so that Nuance could raise prices without regard to market pressure;

   (c) acquired and sought to acquire competitors to reduce supply and raise prices;

   (d) threatened competitors and customers of competitors with increased litigation; and

   (e) acquired patents covering OCR technology, with the purpose of substantially lessening competition in software

markets.

39. All of said predatory conduct by Nuance was done with the intent of enhancing Nuance's market share, increasing Nuance's market power, and excluding competition, so that Nuance could charge higher prices, all to the detriment of the consuming public.

40. At times material hereto, Nuance has had in excess of 70% of the product market of Full Text OCR software in the geographic market of the United States. This market share has given Nuance market power in Full Text OCR software products.

41. Nuance has used its market power to engage in actual monopolization of the Full Text OCR software market through the above-referenced predatory acts and has exerted control over the prices of Full Text OCR software products by excluding competition.

42. Nuance's actual monopolization has resulted in stabilized prices for Nuance's Full Text OCR software, all to the detriment of the consuming public.

43. Through the above-referenced acts, Nuance has directly and proximately damaged the business and property of Abbyy USA, by, among other things, eliminating Abbyy USA as a potential and actual competitor in certain retail outlets, all to the detriment of Abbyy USA's business and property.

## SEVENTH CLAIM FOR RELIEF

**(Attempted Monopolization in Violation of § 2 of the Sherman Act)**

44. Abbyy USA incorporates by reference paragraphs 1-43, above.

45. At certain times materials hereto, and in certain geographic sub-markets within the United States, Nuance has had less than enough market power to actually monopolize these markets. In these cases, Nuance has attempted to monopolize the market for Full Text OCR software products by engaging in the aforementioned conduct and predatory acts.

46. Nuance has manifested a specific intent to monopolize the market for

Full Text OCR software products.

47. There is a dangerous probability that Nuance will successfully achieve monopoly power in the market for Full Text OCR software products in those markets where it has not achieved actual monopolization.

48. Nuance's conduct in attempting to monopolize the market for Full Text OCR software products has resulted in stabilized prices, all to the detriment of the consuming public.

49. Through the above-referenced acts, Nuance has directly and proximately damaged the business and property of Abbyy USA, by, among other things, eliminating Abbyy USA as a potential and actual competitor, all to the detriment of Abbyy USA's business and property.

### *EIGHTH CLAIM FOR RELIEF*

**(Contracts in Restraint of Trade - § 1 Sherman Act Violation)**

50. Abbyy USA incorporates by reference paragraphs 1-49, above.

51. Nuance has entered into exclusive dealing contracts with retailers whereby the retailer is prohibited from selling, marketing and/or displaying competitors' OCR software products.

52. Said exclusion of OCR software, including Abbyy USA software, has had an anticompetitive effect on United States commerce by restricting the supply of OCR software and rendering Nuance as the only seller of OCR software in certain retail outlets. Said restriction has affected the public interest by limiting choice and supply in the market for OCR software products.

53. Said exclusion of OCR software products, including those of Abbyy USA, has resulted in damage to the business and property of Abbyy USA.

### *NINTH CLAIM FOR RELIEF*

**(§ 7 Clayton Act Violation)**

54. Abbyy USA incorporates by reference paragraphs 1-53, above.

55. Using assets acquired through acquisitions, Nuance has engaged in

8

conduct, which has had the effect of substantially lessening competition in certain relevant markets, including the market for Full Text OCR software products.

56. In 2000, Nuance acquired Caere Corporation ("Caere"). This acquisition included the acquisition of patented OCR technology. Following Nuance's acquisition of Caere and its OCR patent portfolio, Nuance engaged in conduct such as that alleged above, which has had the effect of eliminating capacity for the production of software with a resulting stabilizing of prices all to the detriment of the consuming public.

57. Nuance's conduct as alleged above has directly and proximately caused Abbyy USA to lose customers and potential customers, all to the damage of Abbyy USA's business and property, and has damaged the consuming public.

## **PRAYER FOR RELIEF**

WHEREFORE, Abbyy USA requests the following relief:

A.  Judgment declaring that Abbyy USA has not infringed and will not infringe, directly or indirectly, by inducing or contributory infringement, any valid or enforceable claim of the '053 patent;

B.  Judgment declaring that the claims of the '053 patent are invalid;

C.  Judgment declaring that Abbyy USA has not infringed and will not infringe, directly or indirectly, by inducing or contributory infringement, any valid or enforceable claim of the '489 patent;

D.  Judgment declaring that the claims of the '489 patent are invalid;

E.  Judgment declaring that Abbyy USA has not infringed and will not infringe, directly or indirectly, by inducing or contributory infringement, any valid or enforceable claim of the '983 patent;

F.  Judgment declaring that the claims of the '983 patent are invalid;

G.  Judgment declaring that Abbyy USA has not infringed and will not infringe, directly or indirectly, by inducing or contributory infringement, any valid or enforceable claim of the '342 patent;

H. Judgment declaring that the claims of the '342 patent are invalid;

I. Judgment declaring that Abbyy USA has not infringed and will not infringe, directly or indirectly, by inducing or contributory infringement, any valid or enforceable claim of the '009 patent;

J. Judgment declaring that the claims of the '009 patent are invalid;

K. A declaration that this case is exceptional within the meaning of 35 U.S.C. § 285 and an award of reasonable attorney fees and costs;

L. An award of damages incurred by Abbyy USA proximately caused by the anticompetitive conduct of Nuance;

M. A tripling of the damages found to be due Abbyy USA;

N. An award of Abbyy USA's reasonable attorneys' fees;

O. Abbyy USA's costs, disbursements, and other expenses; and

P. Such other relief as the Court deems appropriate.

Dated: June 4, 2008

FOLEY & LARDNER LLP
GRANT E. KINSEL

By:   /s/ Grant E. Kinsel
GRANT E. KINSEL
Attorneys for Defendant
Abbyy USA Software House, Inc.

Abbyy USA Software House, Inc. hereby demands a trial by jury.

Dated:  June 4, 2008                          FOLEY & LARDNER LLP
                                              GRANT E. KINSEL


                                              By:    /s/ Grant E. Kinsel
                                                    GRANT E. KINSEL
                                                    Attorneys for Defendant
                                                    Abbyy USA Software House, Inc.