RON E. SHULMAN, State Bar No. 178263
rshulman@wsgr.com
TERRY KEARNEY, State Bar No. 160054
tkearney@wsgr.com
JULIE M. HOLLOWAY, State Bar No. 196942
jholloway@wsgr.com
S. MICHAEL SONG State Bar No. 198656
msong@wsgr.com
TUNG-ON KONG, State Bar No. 205871
tkong@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Attorneys for Defendant,
NUANCE COMMUNICATIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABBYY USA SOFTWARE HOUSE, INC., | Case No.: CV 08-1035-JSW |
| Plaintiff, | **NUANCE COMMUNICATIONS, INC.'S ANSWER TO ABBY'S FIRST AMENDED COMPLAINT AND COUNTERCLAIMS** |
| v. | |
| NUANCE COMMUNICATIONS, INC., | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

Defendant Nuance Communications, Inc. ("Nuance") answers the allegations of Plaintiff Abbyy USA Software House, Incorporated ("ABBYY") as follows:

**JURISDICTION AND VENUE**

1.   Nuance admits that ABBYY's First Amended Complaint ("Amended Complaint") alleges an action for a declaratory judgment that U.S. Patent Nos. 5,131,053 ("the '053 patent"), 5,381,489 ("the '489 patent"), 5,436,983 ("the '983 patent"), 6,038,342 ("the '342

1  patent"), and 5,261,009 ("the '009 patent") (collectively, "Nuance Patents") are invalid and not
2  infringed.  Nuance admits that this action arises under the patent laws of the United States, 35
3  U.S.C. § 271 *et seq*. and the declaratory judgment statute, 28 U.S.C. § 2201 and that the action is
4  based on an actual justiciable controversy between the parties with respect to alleged
5  infringement and invalidity of the Nuance Patents.  Nuance denies that this action arises under
6  the Sherman and Clayton Acts.
7      2.      Nuance admits that this Court has subject matter jurisdiction over this matter.
8      3.      Nuance admits the allegations in Paragraph 3.

## THE PARTIES

10     4.      Nuance admits that ABBYY is a California corporation having a principal place
11  of business at 47221 Fremont Blvd., Fremont, California 94538.
12     5.      Nuance admits the allegations of Paragraph 5.

## ACTUAL CONTROVERSY WITHIN THIS COURT'S JURISDICTION

14     6.      Nuance admits the allegations in Paragraph 6.
15     7.      Nuance denies that it has asserted that the Nuance Patents are infringed by certain
16  printer products made, used, offered for sale and/or sold by ABBYY, but otherwise admits the
17  allegations in Paragraph 7.
18     8.      Nuance is without knowledge or information sufficient to form a belief as to the
19  truth of whether ABBYY is in apprehension of further suit, but otherwise admits the allegations
20  of Paragraph 8.
21     9.      Nuance is without knowledge or information sufficient to form a belief as to the
22  truth of whether ABBYY is apprehensive that Nuance will again file suit against it for
23  infringement of the Nuance Patents, but otherwise admits the allegations of Paragraph 9.
24     10.     Nuance admits the allegations of Paragraph 10.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment Of Non-Infringement And**
**Invalidity Of U.S. Patent No. 5,131,053)**

27     11.     Nuance incorporates by reference paragraphs 1-10 above.
28     12.     Nuance denies the allegations in Paragraph 12.

1     13.    Nuance denies the allegations in Paragraph 13.

2     14.    Nuance admits that ABBYY seeks the judgment described in Paragraph 14, but

3 otherwise denies the allegations of Paragraph14.

## SECOND CLAIM FOR RELIEF
**(Declaratory Judgment Of Non-Infringement And Invalidity Of U.S. Patent No. 5,381,489)**

6     15.    Nuance incorporates by reference paragraphs 1-14 above.

7     16.    Nuance denies the allegations in Paragraph 16.

8     17.    Nuance denies the allegations in Paragraph 17.

9     18.    Nuance admits that ABBYY seeks the judgment described in Paragraph 18, but

10 otherwise denies the allegations of Paragraph 18.

## THIRD CLAIM FOR RELIEF
**(Declaratory Judgment Of Non-Infringement And Invalidity Of U.S. Patent No. 5,436,983)**

13     19.    Nuance incorporates by reference paragraphs 1-18 above.

14     20.    Nuance denies the allegations in Paragraph 20.

15     21.    Nuance denies the allegations in Paragraph 21.

16     22.    Nuance admits that ABBYY seeks the judgment described in Paragraph 22, but

17 otherwise denies the allegations of Paragraph 22.

## FOURTH CLAIM FOR RELIEF
**(Declaratory Judgment Of Non-Infringement And Invalidity of U.S. Patent No. 6,038,342)**

20     23.    Nuance incorporates by reference paragraphs 1-22 above.

21     24.    Nuance denies the allegations in Paragraph 24.

22     25.    Nuance denies the allegations in Paragraph 25.

23     26.    Nuance admits that ABBYY seeks the judgment described in Paragraph 26, but

24 otherwise denies the allegations of Paragraph 26.

## FIFTH CLAIM FOR RELIEF
**(Declaratory Judgment Of Non-Infringement And Invalidity Of U.S. Patent No. 5,261,009)**

27     27.    Nuance incorporates by reference paragraphs 1-26 above.

28     28.    Nuance denies the allegations in Paragraph 28.

29. Nuance denies the allegations in Paragraph 29.

30. Nuance admits that ABBYY seeks the judgment described in Paragraph 30, but otherwise denies the allegations of Paragraph 30.

## SIXTH THROUGH NINTH CLAIMS FOR RELIEF

31. Nuance is filing concurrently with this Answer to First Amended Complaint its Motion to Dismiss Claims Six Through Nine of ABBYY USA Software House, Inc.'s Amended Complaint. Accordingly, pursuant to Federal Rule of Civil Procedure 12(b), Nuance is not required to further respond to these claims at this time.

## COUNTERCLAIMS

For its Counterclaims, Nuance avers as follows:

## NATURE OF THE LAWSUIT

32. This action involves counterclaims against ABBYY for (a) patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, (b) trade dress infringement arising under the Lanham Act, Title 15 of the United States Code and the common law of California, and (c) unfair competition and false advertising arising under California Business and Professions Code §§ 17200 *et seq.*, 17500 *et seq.*, and the common law of California.

## THE PARTIES

33. Nuance is a corporation organized and existing under the laws of the state of Delaware with its principal place of business at 1 Wayside Road Burlington, Massachusetts 01803.

34. ABBYY has averred that it is a corporation organized under the laws of the State of California, with its principal place of business at 47221 Fremont Blvd., Fremont, California 94538.

## JURISDICTION AND VENUE

35. This Court has subject matter jurisdiction based on 28 U.S.C. §§ 1331 and 1338(a). Venue is based on 28 U.S.C. §§ 1391 and 1400(b).

## NUANCE'S PATENTS

36. Nuance is the owner by assignment of United States Patent No. 5,131,053, which was duly and legally issued by the United States Patent and Trademark Office on July 14, 1992.

37. Nuance is the owner by assignment of United States Patent No. 5,381,489, which was duly and legally issued by the United States Patent and Trademark Office on January 10, 1995.

38. Nuance is the owner by assignment of United States Patent No. 5,436,983, which was duly and legally issued by the United States Patent and Trademark Office on July 25, 1995.

39. Nuance is the owner by assignment of United States Patent No. 6,038,342, which was duly and legally issued by the United States Patent and Trademark Office on March 14, 2000.

40. Nuance is the owner by assignment of United States Patent No. 5,261,009, which was duly and legally issued by the United States Patent and Trademark Office on November 9, 1993.

## NUANCE'S TRADE DRESS

41. Nuance offers its optical character recognition ("OCR") software products in distinctive packaging. This packaging features a combination of elements, including the layout of the graphic elements in the center of the box surrounded by a block of color in deep red or blue (indicating whether the software is the high-end professional version or the standard version), which wraps around to the top of the side panel of the box, the name of the product in black text with a distinctive font in the white area below the color block and down the side panel of the box, and bright red text in the same font indicating the version of the software below the black text (the "Nuance Packaging Trade Dress").

42. Nuance has used the Nuance Packaging Trade Dress continuously in connection with its OCR software products throughout the U.S. since at least as early as June 2001.

43. Nuance has sold thousands of copies of its software in the Nuance Trade Dress Packaging. This software is sold at numerous outlets, including large office supply and software retailers such as CompUSA.

44.     As a result of the widespread marketing, promotion, and sale of Nuance's products, the Nuance Packaging Trade Dress has acquired secondary meaning in connection with the sale of software products, and is strongly associated with Nuance in the minds of the general public.

### COUNTERCLAIM ONE – INFRINGEMENT OF THE '053 PATENT

45.     ABBYY has infringed and is continuing to infringe one or more claims of the '053 patent directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country software for performing OCR including at least the FineReader line of products, in violation of 35 U.S.C. § 271.

46.     Upon information and belief, ABBYY's infringement of the '053 patent is willful and deliberate, thereby rendering this an exceptional case pursuant to 35 U.S.C. §§ 284 and 285.

47.     Nuance has been damaged by ABBYY's infringing activities and will be irreparably injured unless such infringing activities are enjoined by this Court.

### COUNTERCLAIM TWO – INFRINGEMENT OF THE '489 PATENT

48.     ABBYY has infringed and is continuing to infringe one or more claims of the '489 patent directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country software for performing OCR including at least the FineReader line of products, in violation of 35 U.S.C. § 271.

49.     Upon information and belief, ABBYY's infringement of the '489 patent is willful and deliberate, thereby rendering this an exceptional case pursuant to 35 U.S.C. §§ 284 and 285.

50.     Nuance has been damaged by ABBYY's infringing activities and will be irreparably injured unless such infringing activities are enjoined by this Court.

### COUNTERCLAIM THREE – INFRINGEMENT OF THE '983 PATENT

51.     ABBYY has infringed and is continuing to infringe one or more claims of the '983 patent directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country software for performing OCR including at least the FineReader line of products, in violation of 35 U.S.C. § 271.

52. Upon information and belief, ABBYY's infringement of the '983 patent is willful and deliberate, thereby rendering this an exceptional case pursuant to 35 U.S.C. §§ 284 and 285.

53. Nuance has been damaged by ABBYY's infringing activities and will be irreparably injured unless such infringing activities are enjoined by this Court.

**COUNTERCLAIM FOUR – INFRINGEMENT OF THE '342 PATENT**

54. ABBYY has infringed and is continuing to infringe one or more claims of the '342 patent directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country software for performing OCR including at least the FineReader line of products, in violation of 35 U.S.C. § 271.

55. Upon information and belief, ABBYY's infringement of the '342 patent is willful and deliberate, thereby rendering this an exceptional case pursuant to 35 U.S.C. §§ 284 and 285.

56. Nuance has been damaged by ABBYY's infringing activities and will be irreparably injured unless such infringing activities are enjoined by this Court.

**COUNTERCLAIM FIVE – INFRINGEMENT OF THE '009 PATENT**

57. ABBYY has infringed and is continuing to infringe one or more claims of the '009 patent directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country software for performing OCR including at least the FineReader line of products, in violation of 35 U.S.C. § 271.

58. Upon information and belief, ABBYY's infringement of the '009 patent is willful and deliberate, thereby rendering this an exceptional case pursuant to 35 U.S.C. §§ 284 and 285.

59. Nuance has been damaged by ABBYY's infringing activities and will be irreparably injured unless such infringing activities are enjoined by this Court.

**COUNTERCLAIM SIX – INFRINGEMENT OF NUANCE'S TRADE DRESS IN VIOLATION OF 15 U.S.C. § 1125(a))**

60. Nuance incorporates by reference the averments of paragraphs 41 through 44 above.

61. In or about June 2002, ABBYY changed the packaging design of its OCR software products, and willfully adopted the Nuance Packaging Trade Dress in connection with

the unauthorized advertisement and sale of their own competing software products. ABBYY has adopted variations of the Nuance Packaging Trade Dress on multiple version of the software, including versions of ABBYY software released in or about 2003, 2005, and 2007.

62. ABBYY's use of the Nuance Packaging Trade Dress is likely to cause confusion, mistake, or deception as to the source, sponsorship, affiliation, or approval of ABBYY's products. Further, ABBYY's acts described above constitute false representations of fact that are also likely to cause confusion, mistake, or deception as to the source, sponsorship, affiliation, or approval of ABBYY's goods.

63. Because of the confusion as to source engendered by ABBYY's use of the Nuance Packaging Trade Dress, purchasers are likely to purchase goods sold by ABBYY believing they are Nuance's products, associated or affiliated with Nuance, or sponsored or endorsed by Nuance, thereby resulting in a loss of sales for Nuance.

64. Because of the confusion as to source engendered by ABBYY's use of the Nuance Packaging Trade Dress, Nuance's valuable goodwill is at the mercy of ABBYY, and the quality, or lack thereof, of ABBYY's related goods. ABBYY's conduct threatens irreparable injury to Nuance's goodwill, business, and reputation.

65. ABBYY's actions in violation of Nuance's trade dress rights have been willful, malicious, and in complete disregard of Nuance's interests.

66. Nuance has been damaged by, and ABBYY has profited from, ABBYY's wrongful conduct in an amount to be proven at trial.

67. ABBYY's wrongful conduct has caused and is continuing to cause irreparable injury to Nuance and to the business, reputation, and goodwill represented thereby, and unless enjoined will cause further irreparable injury, from which Nuance has no adequate remedy at law.

68. As a consequence of ABBYY's infringement of Nuance's rights, Nuance is entitled to an injunction as set forth below, an order of destruction of all ABBYY's infringing materials, ABBYY's profits, Nuance's damages, and Nuance's costs of action. Moreover,

because this is an exceptional case, involving willful misconduct by ABBYY, Nuance is entitled to recover treble damages, treble profits, and attorneys' fees.

### COUNTERCLAIM SEVEN – COMMON LAW TRADE DRESS INFRINGEMENT

69. Nuance incorporates by reference the averments of paragraphs 60-68 above.

70. ABBYY's conduct constitutes willful trade dress infringement under the common law of the State of California.

71. ABBYY's actions described above have greatly and irreparably damaged Nuance and will continue to damage Nuance unless enjoined by this Court. Nuance is entitled to an injunction as well as damages to be proved at trial. Moreover, because of ABBYY's willful and malicious conduct, Nuance is entitled to exemplary damages in an amount to be determined by a jury.

### COUNTERCLAIM EIGHT – COMMON LAW UNFAIR COMPETITION

72. Nuance incorporates by reference the averments of paragraphs 60 through 71 above.

73. ABBYY's acts as described above constitute unfair competition in violation of the common law of the State of California.

74. ABBYY's acts described above have greatly and irreparably damaged Nuance and will continue to damage Nuance unless enjoined by this Court. Nuance is entitled to an injunction as set forth below, as well as damages to be proved at trial.

### COUNTERCLAIM NINE – UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200 *et seq.*

75. Nuance incorporates by reference the averments of paragraphs 60 through 74 above.

76. ABBYY's use of trade dress that is identical or confusingly similar to that used by Nuance constitutes unfair deceptive, untrue, and misleading advertising.

77. ABBYY's acts described above are unlawful, unfair, or fraudulent business acts or practices, constituting unfair competition in violation of California Bus. & Prof. Code § 17200 *et seq.*

78.     ABBYY's acts described above have greatly and irreparably damaged Nuance and will continue to damage Nuance unless enjoined by this Court.  Accordingly, Nuance is entitled to an injunction under Cal. Bus. & Prof. Code § 17203, as well as restitution and disgorgement of ABBYY's profits.

### COUNTERCLAIM TEN – FALSE AND DECEPTIVE ADVERTISING IN VIOLATION OF CAL. BUS. & PROF. CODE § 17500 *et seq.*

79.     Nuance incorporates by reference the averments of paragraphs 60 through 78 above.

80.     ABBYY's ongoing offers to sell its goods in connection with the Nuance Packaging Trade Dress are disseminated to and received by the public in California.  ABBYY has engaged in these actions with the intent to sell its goods, and/or to induce the public to purchase ABBYY's goods.  Such actions (which are likely to deceive the public as to the source, sponsorship, affiliation, or approval of ABBYY's goods) constitute unfair, deceptive, untrue, or misleading advertising under Cal. Bus. & Prof. Code § 17500 *et seq.*

81.     ABBYY's acts described above have greatly and irreparably damaged Nuance and will continue to damage Nuance unless enjoined by this Court.  Accordingly, Nuance is entitled to an injunction under Cal. Bus. & Prof. Code § 17535, as well as restitution and disgorgement of ABBYY's profits.

### PRAYER FOR RELIEF

Wherefore, Nuance prays for a judgment that:

1.     Dismisses ABBYY's First through Fifth Claims for Relief with prejudice;

2.     Denies the relief sought by ABBYY in its Prayer for Relief;

3.     ABBYY has directly infringed, contributed to the infringement of, and induced infringement of the '053, '489, '983, '342, and '009 patents;

4.     ABBYY's infringement of the '053, '489, '983, '342, and '009 patents has been willful;

5. Permanently enjoins ABBYY, its officers, agents, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with ABBYY, from infringing the '053, '489, '983, '342, and '009 patents;

6. Awards Nuance damages adequate to compensate for ABBYY's infringement of the '053, '489, '983, '342, and '009 patents, together with interest and costs;

7. Trebles the damages assessed pursuant to 35 U.S.C. § 284;

8. Preliminarily and permanently enjoins ABBYY, its subsidiaries, parent, and affiliated companies, successors, assigns, officers, directors, agents, partners, servants, and employees of those companies or individuals, and all others in active concert or participation with ABBYY, from using any of Nuance's trade dress, in particular the Nuance Packaging Trade Dress or any trade dress that is likely to cause confusion with any of Nuance's trade dress;

9. Requires ABBYY to destroy all infringing packaging;

10. Orders ABBYY to file with the Court and serve on Nuance within 30 days of the Judgment an affidavit setting forth in detail the manner in which it has complied with the terms of the Judgment;

11. Requires ABBYY to account for and pay to Nuance treble the amount of all profits derived by ABBYY as a result of the acts alleged under counterclaims six to ten;

12. Requires ABBYY to pay to Nuance treble the amount of all damages incurred by Nuance by reason of ABBYY's acts alleged under counterclaims six to ten;

13. Orders ABBYY to make restitution to Nuance for the amounts derived by virtue of ABBYY's unfair business practices;

14. Awards Nuance the costs of this action, together with reasonable attorneys' fees and disbursements;

15. Awards such other and further relief as this Court may deem proper.

## DEMAND FOR JURY TRIAL

Nuance hereby demands a trial by jury.

Dated: July 11, 2008

WILSON SONSINI GOODRICH & ROSATI PC

By: _____/s/_____
      S. Michael Song

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Attorneys for Defendant
**NUANCE COMMUNICATIONS, INC.**