Grant E. Kinsel (State Bar No. 172407)
E-Mail: gkinsel@foley.com
**FOLEY & LARDNER LLP**
555 South Flower Street, Suite 3500
Los Angeles, CA 90071-2411
Telephone:    213.972.4500
Facsimile:    213.486.0065

Michael J. Song (State Bar No. 243675)
E-Mail: msong@foley.com
**FOLEY & LARDNER LLP**
975 Page Mill Road
Palo Alto, CA 94304-1125
Telephone: (650) 856-3700
Facsimile: (650) 856-3710

Attorneys for Plaintiff
ABBYY USA SOFTWARE HOUSE, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ABBYY USA SOFTWARE HOUSE, INC.<br><br>            Plaintiff,<br><br>    vs.<br><br>NUANCE COMMUNICATIONS, INC.<br><br>            Defendant. | Case No: CV 08-1035 JSW<br><br>**ABBYY USA SOFTWARE HOUSE, INC.'S ANSWER TO COUNTERCLAIMS OF NUANCE COMMUNICATIONS, INC.; DEMAND FOR JURY TRIAL** |

Answering for itself and no other party, Abbyy USA Software House, Inc. ("Abbyy USA") answers the Counterclaims of Nuance Communications, Inc. ("Nuance") as follows:

## NATURE OF THE LAWSUIT

1.   Abbyy USA admits that the Counterclaims purport to allege an action for patent infringement, trade dress infringement and unfair competition, but denies that there is any basis for such an action. Abbyy USA will respond to the jurisdictional and venue allegations below.

## THE PARTIES

2.   Abbyy USA is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 33, and on that basis, denies the allegations.

3.   Abbyy USA admits that it is a California corporation with a principal place of business in Fremont, California.

## JURISDICTION AND VENUE

4.   Abbyy USA admits that the Counterclaims purports to allege an action for patent infringement over which this Court has subject matter jurisdiction. Abbyy USA further admits that venue is proper in this Court.

## NUANCE'S PATENTS

5.   Abbyy USA admits that U.S. Patent No. 5,131,053 ("the '053 patent") indicates on its face that it was issued on July 14, 1992. Abbyy USA is without information sufficient to form a belief as to the truth of the allegations regarding ownership contained in paragraph 36, and on that basis, denies the allegations. Abbyy USA denies that the '053 patent was properly issued and that it is valid.

6.   Abbyy USA admits that U.S. Patent No. 5,381,489 ("the '489 patent") indicates on its face that it was issued on January 10, 1995. Abbyy USA is without information sufficient to form a belief as to the truth of the allegations regarding ownership contained in paragraph 37, and on that basis, denies the allegations. Abbyy USA denies that the '489 patent was properly issued and that it is valid.

7.   Abbyy USA admits that U.S. Patent No. 5,436,983 ("the '983 patent") indicates on its face that it was issued on July 25, 1995. Abbyy USA is without information sufficient to

form a belief as to the truth of the allegations regarding ownership contained in paragraph 38, and on that basis, denies the allegations.  Abbyy USA denies that the '983 patent was properly issued and that it is valid.

8.     Abbyy USA admits that U.S. Patent No. 6,038,342 ("the '342 patent") indicates on its face that it was issued on March 14, 2000.   Abbyy USA is without information sufficient to form a belief as to the truth of the allegations regarding ownership contained in paragraph 39, and on that basis, denies the allegations.  Abbyy USA denies that the '342 patent was properly issued and that it is valid.

9.     Abbyy USA admits that U.S. Patent No. 5,261,009 ("the '009 patent") indicates on its face that it was issued on November 9, 1993.  Abbyy USA is without information sufficient to form a belief as to the truth of the allegations regarding ownership contained in paragraph 40, and on that basis, denies the allegations.  Abbyy USA denies that the '009 patent was properly issued and that it is valid.

## NUANCE'S TRADE DRESS

10.     Abbyy USA denies the allegations contained in paragraph 41, alleging further in that regard that Nuance has routinely changed its trade dress, so that no distinctive packaging or otherwise has been established.

11.     Abbyy USA denies the allegations contained in paragraph 42.

12.     Abbyy USA denies the allegations contained in paragraph 43.

13.     Abbyy USA denies the allegations contained in paragraph 44.

## COUNTERCLAIM ONE – INFRINGEMENT OF THE '053 PATENT

14.     Abbyy USA denies the allegations contained in paragraph 45.

15.     Abbyy USA denies the allegations contained in paragraph 46.

16.     Abbyy USA denies the allegations contained in paragraph 47.

## COUNTERCLAIM TWO – INFRINGEMENT OF THE '489 PATENT

17.     Abbyy USA denies the allegations contained in paragraph 48.

18.     Abbyy USA denies the allegations contained in paragraph 49.

19.     Abbyy USA denies the allegations contained in paragraph 50.

**COUNTERCLAIM THREE – INFRINGEMENT OF THE '983 PATENT**

20. Abbyy USA denies the allegations contained in paragraph 51

21. Abbyy USA denies the allegations contained in paragraph 52

22. Abbyy USA denies the allegations contained in paragraph 53.

**COUNTERCLAIM FOUR – INFRINGEMENT OF THE '342 PATENT**

23. Abbyy USA denies the allegations contained in paragraph 54.

24. Abbyy USA denies the allegations contained in paragraph 55.

25. Abbyy USA denies the allegations contained in paragraph 56.

**COUNTERCLAIM FIVE – INFRINGEMENT OF THE '009 PATENT**

26. Abbyy USA denies the allegations contained in paragraph 57.

27. Abbyy USA denies the allegations contained in paragraph 58.

28. Abbyy USA denies the allegations contained in paragraph 59.

**COUNTERCLAIM SIX – INFRINGEMENT OF NUANCE'S TRADE DRESS IN VIOLATION OF 15 U.S.C. § 1125(a)**

29. Abbyy USA incorporates its responses in paragraphs 10 through 13, above.

30. Abbyy USA denies the allegations contained in paragraph 61.

31. Abbyy USA denies the allegations contained in paragraph 62.

32. Abbyy USA denies the allegations contained in paragraph 63.

33. Abbyy USA denies the allegations contained in paragraph 64.

34. Abbyy USA denies the allegations contained in paragraph 65.

35. Abbyy USA denies the allegations contained in paragraph 66.

36. Abbyy USA denies the allegations contained in paragraph 67.

37. Abbyy USA denies the allegations contained in paragraph 68.

**COUNTERCLAIM SEVEN – COMMON LAW TRADE DRESS INFRINGEMENT**

38. Abbyy USA incorporates its responses in paragraphs 29 through 37, above.

39. Abbyy USA denies the allegations contained in paragraph 70.

40. Abbyy USA denies the allegations contained in paragraph 71.

3
ABBY USA ANSWER TO NUANCE COUNTERCLAIMS
CV 08-1035 JSW
LACA_1889500.1

### COUNTERCLAIM EIGHT – COMMON LAW UNFAIR COMPETITION

41. Abbyy USA incorporates its responses in paragraphs 29 through 40, above.

42. Abbyy USA denies the allegations contained in paragraph 73.

43. Abbyy USA denies the allegations contained in paragraph 74.

### COUNTERCLAIM NINE – UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200 *et seq.*

44. Abbyy USA incorporates its responses in paragraphs 29 through 43, above.

45. Abbyy USA denies the allegations contained in paragraph 76.

46. Abbyy USA denies the allegations contained in paragraph 77.

47. Abbyy USA denies the allegations contained in paragraph 78.

### COUNTERCLAIM TEN – FALSE AND DECEPTIVE ADVERTISING IN VIOLATION OF CAL. BUS. & PROF. CODE § 17500, *et seq.*

48. Abbyy USA incorporates its responses in paragraphs 29 through 47, above.

49. Abbyy USA denies the allegations contained in paragraph 80.

50. Abbyy USA denies the allegations contained in paragraph 81.

### ABBYY USA'S AFFIRMATIVE DEFENSES

Abbyy USA alleges the following defenses in response to the allegations in Nuance's Counterclaim:

**First Affirmative Defense**

(Noninfringement)

51. Abbyy USA does not infringe, directly, contributorily, or by inducement, any valid or enforceable claim of the '053, '489, '983, '342, and '009 patents (collectively the "patents-in-suit").

**Second Affirmative Defense**

(Prosecution History Estoppel)

52. To the extent Nuance attempts to assert infringement under the doctrine of equivalents, arguments and amendments contained in the prosecution history of the patents-in-

4

suit will estop or bar any claims for alleged infringement of the patents-in-suit.

### Third Affirmative Defense

(Invalidity)

53. One or more of the claims of the patents-in-suit are invalid for failure to comply with one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

### Fourth Affirmative Defense

(Laches/Prosecution Laches/Estoppel)

54. Any claims for alleged infringement of the patents-in-suit are barred or limited by the doctrines of laches, waiver, prosecution laches and/or equitable estoppel.

### Fifth Affirmative Defense

(Failure to Mark)

55. Any claims for damages for alleged infringement of the patents-in-suit are barred or limited due to failure to allege compliance with (and failure to comply with) the requirements of 35 U.S.C. § 287.

### Sixth Affirmative Defense

(Adequate Remedy at Law)

56. Any claims for injunctive relief are barred in light of the fact that Nuance has an adequate remedy at law.

Dated: July 30, 2008

FOLEY & LARDNER LLP
GRANT E. KINSEL

By: /s/ Grant E. Kinsel
GRANT E. KINSEL
Attorneys for Plaintiff
Abbyy USA Software House, Inc.

## JURY TRIAL DEMAND

Abbyy USA Software House, Inc., hereby demands a trial by jury.

Dated: July 30, 2008                    FOLEY & LARDNER LLP
                                        GRANT E. KINSEL


                                        By:    /s/ Grant E. Kinsel
                                               GRANT E. KINSEL
                                               Attorneys for Plaintiff
                                               Abbyy USA Software House, Inc.

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 30, 2008 I, electronically filed **ABBYY USA SOFTWARE HOUSE, INC.'S ANSWER TO COUNTERCLAIMS OF NUANCE COMMUNICATIONS, INC.** with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

| | |
|---|---|
| **Seungtaik Michael Song**<br>Wilson Sonsini Goodrich & Rosati<br>650 Page Mill<br>Palo Alto, CA 94303<br>6504939300<br>Email: msong@wsgr.com<br>*ATTORNEY TO BE NOTICED* | Attorneys for Defendant<br>Nuance Communications, Inc. |
| **Tung-On Kong**<br>Wilson Sonsini Goodrich & Rosati<br>Professional Corporation<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>650-493-9300<br>Fax: 650-565-5100<br>Email: tkong@wsgr.com<br>*ATTORNEY TO BE NOTICED* | |

                                            /s/ Grant E. Kinsel
                                            Grant E. Kinsel