United States District Court
For the Northern District of California

1
2
3
4
5
6                       IN THE UNITED STATES DISTRICT COURT
7
8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA
9    NUANCE COMMUNICATIONS, INC.,
10            Plaintiff,                              No. C 08-04227 JSW
11       v.
12   ECOPY, INC.,                                    **ORDER DENYING MOTION TO
                                                     STRIKE**
13            Defendant.
                                            /
14
15       Now before the Court is the motion to strike filed by eCopy, Inc. ("eCopy").  The Court
16   finds that this matter is appropriate for disposition without oral argument and it is hereby
17   deemed submitted.  *See* N.D. Civ. L.R. 7-1(b).  Accordingly, the hearing date of June 5, 2009 is
18   HEREBY VACATED.  Having reviewed the parties' papers and relevant legal authority, the
19   Court denies eCopy's motion to strike.
20                               **BACKGROUND**
21       Plaintiff Nuance Communications, Inc. Filed a complaint on May 23, 2008 against
22   eCopy asserting claims for infringement of three patents as well as claims of trademark
23   infringement and unfair competition against eCopy.  On June 25, 2008, Image Recognition
24   Integrated Systems, Inc. ("IRIS") filed a declaratory relief action against Nuance ("the IRIS
25   Action").  On July 17, 2008, eCopy filed an answer to the original complaint.  The eCopy and
26   IRIS Action were consolidated, and on February 13, 2009, this Court held a case management
27   conference.  The conference also addressed the related cases, *Nuance Communications, Inc. v.*
28   *Abbyy Software House, Abbyy USA Software House, Inc. and Lexmark International, Inc.*, Case

1   No. CV 08-2912 and *Abbyy USA Software House, Inc. v. Nuance Communications, Inc.*, Case

2   No. CV 08-1035, also pending before this Court.  At the case management conference, the

3   Court set the schedule, ordered Nuance to serve its infringement contentions and amend its

4   counterclaims in the IRIS Action on or before April 3, 2009.  The Court also indicated that

5   parties could amend their pleadings as of April 3, 2009.  On April 3, 2009, Nuance filed an

6   amended complaint in the eCopy case, naming three additional patents and adding infringement

7   claims as to six additional patents.  eCopy contends that the scope of the amendment far

8   exceeds its expectations and files this motion to strike the additional counts (four through nine)

9   of the amended complaint.[1]

10        The Court shall address additional facts as necessary to its analysis in the remainder of

11   this Order.

**ANALYSIS**

**A.    Applicable Legal Standards.**

14        Federal Rule of Civil Procedure 12(f) provides that a court may "order stricken from any

15   pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous

16   matter."  Immaterial matter "is that which has no essential or important relationship to the claim

17   for relief or the defenses being pleaded."  *California Dept. of Toxic Substance Control v. ALCO*

18   *Pacific, Inc.*, 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002) (internal citations and quotations

19   omitted).  Impertinent material "consists of statements that do not pertain, or are not necessary

20   to the issues in question."  *Id*.  Motions to strike are regarded with disfavor because they are

21   often used as delaying tactics and because of the limited importance of pleadings in federal

22   practice.  *Colaprico v. Sun Microsystems Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991).  A

23   motion to strike should be resorted to only when the matter to be stricken could have no

24   possible bearing on the issues in litigation.  *LeDuc v. Kentucky Central Life Ins. Co.,* 814 F.

25   Supp. 820, 830 (N.D. Cal. 1992).

26

27

28        _____

        [1] In the 08-4942 matter, IRIS also moves to strike the amended complaint in the 08-
4227.  The Court does not decide whether that motion is proper as it has determined not to
strike the amended complaint on other grounds.

**United States District Court**
For the Northern District of California

**B.      Defendant's Motion.**

eCopy contends that without due notice and in contravention of the rules, Nuance has tripled the scope of the patent-related claims in the eCopy case.  The Court finds that, according to its own ruling at the case management conference, the parties were entitled to file amended pleadings no later than April 3, 2009.  On this basis, the motion to strike the amended complaint is DENIED.  However, due to the now-enlarged scope of the matter, the Court requires that the parties meet and confer to discuss an amended pretrial schedule to accommodate the new scope of the claims.  The Court will conduct a further case management conference, with all parties in the related cases, on Friday, June 26, 2009 at 1:30 p.m.  Amended joint case management statements are due to be filed no later than June 19, 2009.

**IT IS SO ORDERED.**

Dated:   June 1, 2009

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

3